# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | | |
|---|---|---|
| LUIGI WARREN | ) | Case No. _____ |
| | ) | *(to be filled in by the Clerk's Office)* |
| _____ | ) | |
| *Plaintiff(s)* | ) | Jury Trial: *(check one)* ☐ Yes ☑ No |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) | |
| -v- | ) | |
| THE CHILDREN'S HOSPITAL CORPORATION | ) ) ) ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) | |

## COMPLAINT FOR A CIVIL CASE

**I.  The Parties to This Complaint**

    **A.  The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|  |  |
|---|---|
| Name | LUIGI WARREN |
| Street Address | 3535 LEBON DR, APT 4311 |
| City and County | SAN DIEGO (SAN DIEGO COUNTY) |
| State and Zip Code | CA 92122 |
| Telephone Number | (617) 275-1489 |
| E-mail Address | luigi.warren@outlook.com |

    **B.  The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name      THE CHILDREN'S HOSPITAL CORPORATION

    Job or Title *(if known)*

    Street Address      300 LONGWOOD AVENUE

    City and County      BOSTON (SUFFOLK COUNTY)

    State and Zip Code      MA 02115

    Telephone Number      (617) 355-6000

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question   ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* Luigi Warren, is a citizen of the State of *(name)* California.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

The defendant, *(name)* The Children's Hospital Corporation, is incorporated under the laws of the State of *(name)* Massachusetts, and has its principal place of business in the State of *(name)* Massachusetts.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

Based on statements made by the defendant's responsible licensing officer regarding the royalty income that would likely flow from an IPO or buyout involving the licensee company Moderna Therapeutics, the amount at stake in this dispute can be expected to exceed $75,000.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached page following page 5 of this form.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

There is an actual and genuine controversy between the parties as to the defendant's obligations regarding the distribution of revenue from the Moderna license. The defendant has already issued royalty checks to the plaintiff under its revised policy. The deleterious impact on the plaintiff's prospective royalty income only became clear recently as he was not previously notified of the tiered structure of the revised payment schedule or the fact that IDI took equity for the license. A major component of the potential damages here relates to tax consequences, and might be hard to recover after the fact given the difficulty of pursuing such claims in the courts. The defendant

enjoys extraordinary leverage to impose its position owing to its total control over the flow of information and the one-way nature of the transaction (the plaintiff having fulfilled his end of the bargain). Plaintiff requests this court: (a) enter a declaratory judgment that the defendant is bound by the express promises in the Net Proceeds section of the IDI inventions policy; (b) enter a preliminary and permanent injunction requiring the defendant to distribute licensing proceeds in accord with these obligations in a timely and well-documented fashion; (c) enter judgment in favor of the plaintiff for costs, attorneys' fees and such other relief as the court deems just and appropriate.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/18/2017

Signature of Plaintiff: [signature]

Printed Name of Plaintiff: LUIGI WARREN

### B. For Attorneys

Date of signing:

Signature of Attorney:

Printed Name of Attorney:

Bar Number:

Name of Law Firm:

Street Address:

State and Zip Code:

Telephone Number:

E-mail Address:

# STATEMENT OF CLAIM

Plaintiff invented technology during the course of his employment at the Immune Disease Institute (IDI) from November 2007 to June 2010. IDI licensed the technology to a startup, Moderna Therapeutics, in December 2010. IDI's policy governing employee inventions directed that 1/3 of Net Proceeds from licensing go to the inventors, 1/3 to the inventors' lab and 1/3 to the institution, and stipulated that the Inventors' Share of any equity taken in lieu of license fees be distributed "at the earliest opportunity" rather than being held and managed by the institution. IDI merged with defendant Boston Children's Hospital (BCH) in October 2012. Dr. Warren's first royalty check came in 2015. In exchanges with BCH initiated by the plaintiff in August 2017, he was informed for the first time that IDI accepted an equity stake in Moderna as partial consideration for the license. Overriding written statements made to the plaintiff in March 2011 by IDI's head of licensing and BCH's General Counsel, BCH went on to explain they were applying their own inventions policy to distribution of Moderna income. They have justified this reversal to the plaintiff based on wording in IDI's express policy asserting management's right to change the policy and paraphrased language from a 2009 Affiliation Agreement anticipating the 2012 merger. For equity-based income, the BCH policy increases the institutional share to 3/4, eliminates the Lab Share and reduces the Inventors' Share to 1/4. The policy leaves the management and disposition of inventors' equity at "the sole discretion of the Hospital." Thus, BCH has unilaterally and retroactively cut the plaintiff's promised share of revenue by 25%, while their abrogation of IDI's promise to distribute equity to inventors: (a) deprives plaintiff benefit of the highly preferential treatment of long-term capital gains in the Federal tax code; (b) denies him any ability to manage the liquidation of his stake based on his own needs and preferences; (c) greatly empowers the defendant in any controversy arising out of its asserted discretion in an already unequal relationship. Plaintiff alleges that the defendant is in breach of contract through its violation of the express promises made to IDI's employees regarding distribution of Net Proceeds from licensing within the IDI inventions policy.