UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIGI WARREN,<br><br>   Plaintiff,<br><br>vs.<br><br>THE CHILDREN'S HOSPITAL CORPORATION,<br><br>   Defendant | Civ. A. No. 17-12472-DLC |

### DEFENDANT'S EMERGENCY MOTION FOR AN EXTENSION OF TIME TO ANSWER

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), the defendant, The Children's Hospital Corporation ("CHB"), moves for an extension of time to February 14, 2018 to answer the complaint. In support of this motion, the defendant states as follows:

1. This action arises out of a dispute between the parties regarding the calculation of amounts due to the plaintiff, Dr. Luigi Warren, on account of intellectual property CHB licensed to a third party, Moderna Therapeutics.

2. Service of process was effected on December 27, 2017, and thus an answer is presently due on January 17, 2018.

3. The undersigned counsel was retained on January 4, 2018 and requires additional time to gather and review the relevant documents and speak with relevant CHB personnel in order to prepare an answer and determine what affirmative defenses and counterclaims may be available to the Hospital.

4. Because the complaint was served over the holiday break, and because of the short time between the date counsel was retained and the current due date for the answer,

good cause exists for this brief extension. *See Moore's Federal Practice* § 6.06[2] (when a party seeks an extension of time before the period expires, "the court will generally find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused the privilege of prior extensions").

5. The undersigned counsel contacted the plaintiff by email on January 4, the day he was retained, to request assent to a motion for an extension of time. On January 4, the plaintiff refused to assent to an extension. On January 5, 2018, counsel asked the plaintiff, by email, to state the reasons for refusing assent and offered to confer further on the matter via email or phone. On January 5, the plaintiff responded, stating that "we will be at this a long time if I simply accede to every extension request from your client," and that he understood that the Hospital's in-house personnel had already evaluated the case prior to the filing of suit. On January 6, counsel responded to Dr. Warren, explaining that the extension was to allow outside counsel to review the relevant documents and analyze the case in order to prepare an answer. On January 8, the plaintiff responded, stating that the time allotted by Rule 12 seemed adequate. (Folkman Decl. Ex. 1).

6. CHB is filing this motion as an emergency motion because the answer is presently due before the plaintiffs' time to oppose it would expire. This is the Hospital's first request for an extension of time, and the Hospital does not anticipate that additional extensions of time will be necessary.

For the foregoing reasons, CHB respectfully requests that the Court grant this motion and extend the time to answer the complaint to February 14, 2018. A declaration in support accompanies this motion.

    Respectfully submitted,

    THE CHILDREN'S HOSPITAL CORPORATION

    By its attorneys:

    /s/ Theodore J. Folkman
    Theodore J. Folkman (BBO No. 647642)
    Andrea L. MacIver (BBO No. 569280)
    MURPHY & KING, P.C.
    One Beacon St.
    Boston, Mass. 02108
    (617) 423-0400
    tfolkman@murphyking.com
    amaciver@murphyking.com

Dated:  January 8, 2018

## LOCAL RULE 7.1 CERTIFICATE

I certify that on December 4, 5, 6, and 8 2018, I conferred with the plaintiff by email in a good-faith attempt to resolve or narrow the issue presented by this motion.

/s/ Theodore J. Folkman

## CERTIFICATE OF SERVICE

I certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on January 8, 2018.

/s/ Theodore J. Folkman
Theodore J. Folkman

737424