UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LUIGI WARREN,

        Plaintiff,

vs.

THE CHILDREN'S HOSPITAL CORPORATION

        Defendant

Civ. A. No. 17-12472-DLC

## **REPLY TO COUNTERCLAIM**

<u>JURISDICTION</u>

    1.    Warren admits the multiple allegations in this paragraph.

<u>FACTS</u>

    2.    Warren admits that he was an employee of IDI prior to BCH's merger with IDI. Warren denies the allegation that BCH merged with IDI in 2010.

    3.    Warren admits his co-inventorship of the "Technology" licensed to Moderna with Dr. Derrick Rossi and his employment as a postdoctoral researcher in Dr. Rossi's lab. Warren is without knowledge of the definition of "[t]he work leading to the invention" and therefore denies the remainder of the allegation.

    4.    Warren admits that IDI's corporate predecessor, CBRI, adopted the CBRI Policy in 2004 and that the adoption of the CBRI policy predates the invention of the Technology. Warren is without knowledge of the policies of "many hospitals, universities, and research institutions," and therefore denies this allegation.

5. Warren is without knowledge as to CBRI's motivation for adoption of the CBRI Policy and therefore denies this allegation.

6. Warren is without knowledge or information sufficient to form a belief about intra-party communications and agreements between IDI and BCH's corporate parent, The Children's Medical Center Corporation ("CMCC"), and therefore denies this allegation.

7. Warren is without knowledge or information sufficient to form a belief about intra-party communications and agreements regarding the affiliation of IDI with BCH in 2009 or language therein regarding the handling of IDI's intellectual property rights, and therefore denies this allegation.

8. Warren is without knowledge or information sufficient to form a belief as to whether as of February 20, 2009, IDI had amended its policy and was applying the 1992 Children's Hospital Policy, and therefore denies this allegation.

9. Warren is without knowledge or information sufficient to form a belief as to the exact date or character of the Moderna license agreement and Warren is without knowledge or information sufficient to form a belief as to whether IDI was applying the 1992 Children's Hospital Policy or what that was consistent with and therefore denies these multiple allegations.

10. Warren is without knowledge or information sufficient to form a belief about the exact IP rights licensed to Moderna by IDI and therefore denies this allegation. As to time spans between adoption of a policy and filing of patent applications, Warren states that time spans are determined by a calendar that speaks for itself and no response is required. To the extent that a response is required, the allegation is denied.

11.     Warren admits that IDI and BCH merged effective October 1, 2012 and that by then he had left IDI, and that he never became a BCH employee.

12.     Warren admits that, in or about 2017, Warren began to dispute application of the 1992 Children's Hospital Policy, asserting that the IDI's invention policy governed the percentage of the royalties from the Moderna license he should receive. Warren denies the remainder of this allegation.

13.     Response to this allegation calls for making a legal conclusion and no response is required. To the extent a response is required, the allegation is denied.

14.     Warren admits this allegation.

15.     Response to this allegation calls for making a legal conclusion and no response is required. To the extent that a response is required, the allegation is denied.

16.     To the extent that the Counterclaim makes any allegations that are not expressly admitted in this Answer, Warren denies such allegations.

Having answered Defendant's Counterclaim, Warren raises the following affirmative defenses.

## **FIRST AFFIRMATIVE DEFENSE**

(Failure to State A Claim)

Defendant's Counterclaim fails to state a claim on which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

(Unclean Hands)

Defendant's Counterclaim is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Defendant's Counterclaim is barred since any relief would result in unjust enrichment to the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

Defendant's Counterclaim is barred in whole or in part by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

Plaintiff reserves the right to assert additional affirmative defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, PREMISES CONSIDERED, Warren denies that The Children's Hospital Corporation is entitled to any recovery or relief whatsoever.

Respectfully submitted,

*/s/ Luigi Warren*
Luigi Warren (Pro Se)
3535 Lebon Dr, Apt 4311
San Diego, CA 92122
(617) 275-1489
luigi.warren@outlook.com

Dated: March 7, 2018

CERTIFICATE OF SERVICE

I certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on March 7, 2018.

> */s/ Luigi Warren*
> Luigi Warren (Pro Se)