UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIGI WARREN,<br><br>    Plaintiff,<br><br>vs.<br><br>THE CHILDREN'S HOSPITAL CORPORATION,<br><br>    Defendant | Civ. A. No. 17-12472-DLC |

## RULE 26(f) CERTIFICATION AND PROPOSED DISCOVERY PLAN

The undersigned parties having satisfied their obligations under Fed. R. Civ. P. 26(f) on or about February 21, 2018, hereby propose the following discovery schedule:

1. <u>Conference</u>: Counsel certify that they have conferred about the nature and basis for their respective claims and defenses and discussed the possibilities of settling or resolving the case. Plaintiff submitted written settlement proposals to the Defendant on February 28, 2018, in accordance with Local Rule 16.1(c). The Parties have also reached agreement regarding the schedule of this Discovery Plan.

2. <u>Initial Disclosures</u>: The Parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **March 30, 2018**.

3. <u>Written Discovery</u>: All written discovery, including answers to interrogatories and requests for production of documents, shall be served so that all responses will be due on or before **September 28, 2018**. All electronically stored information (ESI) will be produced in PDF format except as otherwise agreed by all Parties.

4. <u>Depositions of Witnesses Other Than Experts</u>: All depositions, other than depositions of experts, shall be noticed and completed by **November 30, 2018**.

5. <u>Expert Reports</u>. Expert reports, or a statement that no experts will be disclosed, will be submitted by **December 14, 2018**. Rebuttal expert reports, if necessary, will be submitted by **December 31, 2018.**

6. <u>Depositions of Experts</u>. All depositions of experts shall be noticed and completed by **January 18, 2019**.

7. <u>Dispositive Motions</u>: Any case dispositive motions, shall be served and filed with the Court on or before **February 15, 2019**.

8. <u>Joint Pre-Trial Memorandum</u>: A Joint Pre-Trial Memorandum will be submitted by the Parties within thirty days after the Court decides any dispositive motions, or by February 28, 2019 if no party has filed a dispositive motion.

9. <u>Subjects for Discovery</u>: The parties were unable to agree on inclusion of topics for discovery in this joint report. Plaintiff will seek discovery on the following subjects:

    i. Nature and History of LW's Employment at IDI
    ii. History of the Licensed IP (Conception, Reporting, Reduction to Practice, IP Filings, Patent Prosecution, Ownership)
    iii. History, Character and Administration of the Moderna Licensing Deal
    iv. History of Revenues, Expenses and Distributions Pertaining to the Moderna License

     v. History of the Motivation, Character, Application, Modification and/or Retirement of IDI and BCH Policies and Incentives Pertaining to Employee Inventions (w.r.t. Plaintiff and Generally)

    vi. History of IDI/BCH's Disclosures Regarding the Equity Stake in Moderna Therapeutics (w.r.t. Plaintiff and Generally)

   vii. History of IDI's Alliance, Affiliation and Merger with BCH

  viii. History, Rationale and Specifics of Applied and Proposed Moderna Royalty-Sharing Arrangements Involving Both Internal IDI/BCH and External Stakeholders

    ix. Any Moderna License-Related Income or Benefit to Stakeholders Arising Outside the IDI/BCH Royalty Distribution Framework

     x. Tax Treatment of Moderna License-Related Income to Stakeholders within or outside IDI/BCH Royalty Distribution Framework

    xi. Nature, History, Rules and Practices of Equity Management at IDI/BCH

10. <u>Plaintiff's Position on Subjects for Discovery</u>: Plaintiff contends that addressing the area of subjects for discovery now will be the most efficient use of the Court's time. Plaintiff's need for discovery is far greater since he bears the burden of proof and must make out a prima facie case and, further, because defendant has custody and control of the evidence relevant to that case. Plaintiff must be able to discover the names of the proper individuals to be deposed. Nearly a decade has passed since key events, at least two organizations (IDI and BCH) are involved, locations of evidence have moved, personnel have changed, and organizational charters have evolved over the years. Defendant, whether inadvertently or otherwise, seeks

3

the option of setting obstacles in plaintiff's way by reserving the right to raise disputes while the time toward the deadline for discovery keeps ticking. Setting the stage for inadequate discovery tremendously advantages defendant and increase defendant's chances of prevailing before prosecution of the case even starts. Setting the stage for multiple disputes is abusive of the Court's time and will increase plaintiff's expense and necessary investment of time.

11. <u>Defendant's Position on Subjects for Discovery</u>: The defendant's view is that it is neither necessary nor helpful to seek to define particular topics for discovery at this point and that any disputes that arise about the relevance of particular requests for discovery should be addressed in context when they arise.

Respectfully submitted,

| THE CHILDREN'S HOSPITAL CORPORATION | LUIGI WARREN |
|---|---|
| By its attorneys: | |
| /s/ Theodore J. Folkman<br>Theodore J. Folkman (BBO No. 647642)<br>Andrea L. MacIver (BBO No. 569280)<br>MURPHY & KING, Professional Corporation<br>One Beacon Street<br>Boston, Massachusetts 02108<br>(617) 423-0400<br>tfolkman@murpyking.com<br>amaciver@murphyking.com | /s/ Luigi Warren<br>Luigi Warren<br>3535 Lebon Drive, Apt. 4311<br>San Diego, CA 92122<br>(617) 275- 1489<br>luigi.warren@outlook.com |

Dated: March 9, 2018

## **CERTIFICATE OF SERVICE**

  I certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on March 9, 2018.

                /s/ Theodore J. Folkman
                Theodore J. Folkman

740381