# EXHIBIT 1

FEDERAL IDENTIFICATION
NO. 04-2158520

# The Commonwealth of Massachusetts

**William Francis Galvin**

Secretary of the Commonwealth

One Ashburton Place, Boston, Massachusetts 02108-1512

Examiner

Name
Approved

## RESTATED ARTICLES OF ORGANIZATION
### (General Laws, Chapter 180, Section 7)

We, Theodore M. Cronin _____ , *President / ~~Vice President~~,

and David R. Pokross, Jr. _____ , *Clerk / *~~Assistant Clerk~~

of Immune Disease Institute, Inc. _____ ,

(Exact name of corporation)

located at 800 Huntington Avenue, Boston, MA 02115 _____ ,

(Street address of corporation in Massachusetts)

do hereby certify that the following Restatement of the Articles of Organization was duly adopted at a meeting

held on December 18 _____ , 20 08 , by a vote of: _____ ~~members~~,

Thirteen (13) _____ directors, or _____ ~~stockholders~~

☐ Being at least two-thirds of the members or directors legally qualified to vote in meetings of the corpora-
tion where there is no amendment to the Articles of Organization; OR

☐ Being at least two-thirds of its members legally qualified to vote in meetings of the corporation where
there is an amendment to the Articles of Organization; OR

☑ Being at least two-thirds of its directors where there are no members pursuant to General Laws, Chapter
180, Section 3 and there is an amendment to the Articles of Organization; OR

☐ In the case of a corporation having capital stock, by the holders of at least two-thirds of the capital stock
having the right to vote therein where there is an amendment to the Articles of Organization.

C ☐
P ☐
M ☐
R.A. ☐

*Delete the inapplicable words.
**Check only one box that applies.
Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on one side only
of separate 8 1/2 x 11 sheets of paper with a left margin of at least 1 inch. Additions to more than one article may be made on
a single sheet as long as each article requiring each addition is clearly indicated.

18Cres 1/28/04

P.C.

I-19-53

IMMUNE DISEASE INSTITUTE, INC.

ATTACHMENT II

Purposes

The corporation is organized exclusively for charitable, educational, and scientific purposes, including:

(a)     to support and operate for the benefit of The Children's Medical Center Corporation and its affiliates, including the Children's Hospital Corporation;

(b)     to further scientific knowledge and public health through research in immunology and inflammation and other areas of biomedical science;

(c)     to advance biomedical education; and

(d)     to engage in any activity which may lawfully be conducted by a corporation organized under Massachusetts General Laws chapter 180 and exempt from tax under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended.

## ARTICLE I
The name of the corporation is:

Immune Disease Institute, Inc.

## ARTICLE II
The purpose of the corporation is to engage in the following activities:

See page 2A attached hereto and made a part hereof.

## ARTICLE III
A corporation may have one or more classes of members. If it does, the designation of such classes, the manner of election or appointments, the duration of membership and the qualification and rights, including voting rights, of the members of each class, may be set forth in the by-laws of the corporation or may be set forth below:

The designation, qualification and rights of members, if any, ~~shall~~ *may* be set forth in the bylaws.

## ARTICLE IV
**Other lawful provisions, if any, for the conduct and regulation of the business and affairs of the corporation, for its voluntary dissolution, or for limiting, defining, or regulating the powers of the corporation, or of its directors or members, or of any class of members, are as follows:

See pages 4A-4C attached hereto and made a part hereof.

**If there are no provisions, state "None".
Note: The preceding four (4) articles are considered to be permanent and may ONLY be changed by filing appropriate Articles of Amendment.

IMMUNE DISEASE INSTITUTE, INC.

ATTACHMENT IV

Other lawful provisions for the conduct and regulation of the business and affairs of the corporation or for limiting, defining, or regulating the powers of the corporation, or of its trustees, are as follows:

(a)    Tax Exemption.  No part of the assets or net earnings of the corporation shall inure to the benefit of any member, trustee, or officer of the corporation or any individual; no substantial part of the activities of the corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, except to the extent permitted by Section 501(h) of the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code"); and the corporation shall not participate in, or intervene in (whether or not by the publication or distribution of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.  It is intended that the corporation shall be entitled to exemption from federal income tax under Section 501(a) of the Internal Revenue Code as an organization described in Section 501(c)(3) of the Internal Revenue Code and shall not be a private foundation under Section 509(a) of the Internal Revenue Code.

(b)    Amendment of the By-laws by the Member.  The member of the corporation may make, amend or repeal the by-laws of the corporation in whole or in part in accordance with the by-laws.

(c)    Exculpation; No Personal Liability.  No officer or trustee shall be personally liable to the corporation or its member for monetary damages for breach of fiduciary duty as an officer or trustee, except to the extent that the elimination of limitation of liability is not permitted under applicable law as in effect when such liability is determined.  No amendment or repeal of this provision shall deprive an officer or trustee of the benefits hereof with respect to any act or omission occurring prior to such amendment or repeal.

(d)    Powers.  The corporation shall have in furtherance of its corporate purposes all of the powers specified in Section 6 of Chapter 180 and in Sections 9 and 9A of Chapter 156B of the Massachusetts General Laws (except those provided in paragraph (m) of said Section 9) as now in force or as hereafter amended, and may carry on any operation or activity referred to in Article II to the same extent as might an individual, either alone or in a joint venture or other arrangement with others, or through a wholly or partly owned or controlled corporation; provided, however, that no such power shall be exercised in a manner inconsistent with said Chapter 180 or any other chapter of the Massachusetts General Laws or inconsistent with the exemption from federal income tax to which the corporation shall be entitled under Section 501(c)(3) of the Internal Revenue Code.

(e)    Interested Trustees, Officers, and Member.  In the absence of fraud, no contract or transaction between the corporation and one or more of its trustees or officers, or member, or between the corporation and any other corporation, partnership, association, or other organization in which one or more of its trustees or officers, or member, are trustees, directors, officers, or a member, or have a financial or other interest, shall be void or voidable solely for

this reason, or solely because such trustee, officer, or member is present at or participates in the meeting of the Board of Trustees or a committee thereof which authorizes the contract or transaction, or solely because his or their votes are counted for such purpose, nor shall any trustee or officer, or member, be under any liability to the corporation on account of any such contract or transaction if:

    (1)    the material facts as to his relationship or interest and as to the contract or transaction are disclosed or are known to the Board of Trustees or the committee, and the Board of Trustees or the committee authorized the contract or transaction by the affirmative votes of a majority of the disinterested trustees, even though the disinterested trustees are less than a quorum; or

    (2)    the contract or transaction is fair as to the corporation as of the time it is authorized, approved or ratified by the Board of Trustees, the committee of the Board, or otherwise by the corporation; or

    (3)    the contract or transaction is fair as to the corporation as of the time it is authorized, approved or ratified by the member, at any meeting of the member the notice of which, or an accompanying statement, summarizes the nature of such transaction and such interest.

No interested trustee or member of this corporation may vote at any meeting at which such transaction shall be authorized, but may participate in discussion thereof, to the extent permitted by the non-conflicted trustees.

(f)    If and so long as the corporation is a private foundation (as that term is defined in Section 509 of the Internal Revenue Code), then notwithstanding any other provisions of the articles of organization or the by-laws of the corporation, the following provisions shall apply:

    (1)    the income of the corporation for each taxable year shall be distributed at such time and in such manner as not to subject the corporation to the tax on undistributed income imposed by Section 4942 of the Internal Revenue Code, and

    (2)    the corporation shall not engage in any act of self dealing (as defined in Section 4941(d) of the Internal Revenue Code), nor retain any excess business holdings (as defined in Section 4943(c) of the Internal Revenue Code), nor make any investments in such manner as to subject the corporation to tax under Section 4944 of the Internal Revenue Code, nor make any taxable expenditures (as defined in Section 4945(d) of the Internal Revenue Code).

(g)  Upon the liquidation or dissolution of the corporation, after payment of all of the liabilities of the corporation or due provision therefor, all of the assets of the corporation shall, subject to Section 11A of Chapter 180 of the Massachusetts General Laws, be disposed of to The Children's Hospital Corporation, a Massachusetts non-profit corporation, so long as it is then

exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code, or if it is not then so exempt, to one or more organizations exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code.

(h)    Successor Provisions.  All references herein to provisions of the Internal Revenue Code and the Massachusetts General Laws refer to such provisions as in effect from time to time, including any successor provisions thereto.

## ARTICLE V

The effective date of the Restated Articles of Organization of the corporation shall be the date approved and filed by the Secretary of the Commonwealth. If a *later* effective date is desired, specify such date which shall not be more than thirty days after the date of filing.

## ARTICLE VI

**The information contained in Article VI is not a permanent part of the Articles of Organization.**

a. The street address (post office boxes are not acceptable) of the principal office of the corporation *in Massachusetts* is:

800 Huntington Avenue, Boston, MA 02115

b. The name, residential address and post office address of each director and officer of the corporation is as follows:

| | NAME | RESIDENTIAL ADDRESS | POST OFFICE ADDRESS |
|---|---|---|---|
| President: | See page 6(b) attached hereto | and made a part hereof. | |
| Treasurer: | | | |
| Clerk: | | | |
| Directors: (or officers having the powers of directors) | | | |

c. The fiscal year of the corporation shall end on the last day of the month of:   June

d. The name and business address of the resident agent, if any, of the corporation is:

N/A

**\*\*We further certify that the foregoing Restated Articles of Organization affect no amendments to the Articles of Organization of the corporation as heretofore amended, except amendments to the following articles. Briefly describe amendments below:**

Articles II, III, IV and VI are amended and restated in their entirety.

SIGNED UNDER THE PENALTIES OF PERJURY, this *20th* day of *February*, 20 09,

_____, \*President / \*~~Vice President~~,

_____, \*Clerk / \*~~Assistant Clerk~~.

*\*Delete the inapplicable words.*      *\*\*If there are no such amendments, state "None".*

# IMMUNE DISEASE INSTITUTE, INC.

## ATTACHMENT VI

6(b).  Officers

| Name | Title | Address |
|---|---|---|
| Theodore Cronin | President | 800 Huntington Avenue, Boston, MA 02115 |
| David Kirshner | Treasurer | 800 Huntington Avenue, Boston, MA 02115 |
| Stuart Novick | Clerk | 800 Huntington Avenue, Boston, MA 02115 |
| Rachelle Rosenbaum | Assistant Clerk | 800 Huntington Avenue, Boston, MA 02115 |

6(b).  Trustees

| Name | Address |
|---|---|
| Frederick Alt | 800 Huntington Avenue, Boston, MA 02115 |
| Carleen Brunelli | 800 Huntington Avenue, Boston, MA 02115 |
| Robert Carpenter | 800 Huntington Avenue, Boston, MA 02115 |
| Gary Fleisher, M.D. | 800 Huntington Avenue, Boston, MA 02115 |
| David Kirshner | 800 Huntington Avenue, Boston, MA 02115 |
| Harvey Lodish, Ph.D. | 800 Huntington Avenue, Boston, MA 02115 |
| James Mandell, M.D. | 800 Huntington Avenue, Boston, MA 02115 |
| Walt Pressey | 800 Huntington Avenue, Boston, MA 02115 |
| Enid Starr | 800 Huntington Avenue, Boston, MA 02115 |

THE COMMONWEALTH OF MASSACHUSETTS

**RESTATED ARTICLES OF ORGANIZATION**
**(General Laws, Chapter 180, Section 7)**

*851020518l*

I hereby approve the within Restated Articles of Organization and, the filing fee in the amount of $___*35*___ having been paid, said articles are deemed to have been filed with me this ___*20*___ day of ___*Feb*___, 20 *09*.

*Effective Date:* ___*February 20 2009*___

*1077511*

**WILLIAM FRANCIS GALVIN**
*Secretary of the Commonwealth*

**TO BE FILLED IN BY CORPORATION**
**Contact information:**

Stuart J. Novick, Esq.

Children's Hospital Boston, 300 Longwood Avenue

Boston, MA 02115

Telephone: 617-355-6000

Email: stuart.novick@childrens.harvard.edu

A copy this filing will be available on-line at www.state.ma.us/sec/cor once the document is filed.