# PMOS EXHIBIT 5

## PLAINTIFF'S 2011 EXCHANGES WITH RYAN DIETZ RE MODERNA

**luigi.warren@outlook.com**

| | |
|---|---|
| **From:** | Ryan Dietz |
| **Sent:** | Thursday, February 10, 2011 2:29 PM |
| **To:** | lwarren@mit.edu |
| **Subject:** | Assignment Document |
| **Attachments:** | 20110210162424129.pdf; 20100928_Application_033393_067441_P.pdf |

⌐◻�2

Luigi,

I wanted to provide an update and send along the attached assignment document seeking your signature and return to IDI.

This assignment pertains to a second provisional application which was filed immediately before publication to capture additional data that supports the claims.  We did not alter inventorship or the scope of the inventive subject matter.

Attached please find the assignment document.  Please sign in the presence of one other person who also must sign and date as a witness.  Please return to me by scanned pdf or US mail to the address below.

Please let me know if you have any questions or concerns.

Regards,
Ryan


Ryan M. Dietz
Director, Office of Technology Development
Immune Disease Institute/Program in Cellular and Molecular Medicine at Children's Hospital Boston
CLSB - Third Floor
3 Blackfan Circle
Boston, MA  02115
t:  617.919.3048
c: 617.803.5430
email: dietz@idi.harvard.edu

**luigi.warren@outlook.com**

| | |
|---|---|
| **Sent:** | Sunday, February 13, 2011 3:39 PM |
| **To:** | Ryan Dietz |
| **Subject:** | Re: Assignment Document |

I do have some initial questions. I heard that Flagship has already done a deal with you for a license to this IP. Is this correct? Was there an initial payout?  Should I expect to see any $$$ from this and, if so, what are the details?

-luigi

**luigi.warren@outlook.com**

| | |
|---|---|
| **From:** | Ryan Dietz |
| **Sent:** | Wednesday, February 16, 2011 6:57 PM |
| **To:** | luigiwarren@sprint.blackberry.net; lwarren@mit.edu |
| **Cc:** | Halvorsen; Erik |
| **Subject:** | RE: Assignment Document |
| **Attachments:** | winmail.dat |

Dear Luigi,


I look forward to providing the details of the agreement.


However, I must first receive the assignment document and attached CDA executed and returned.  The CDA is necessary to protect the confidentiality of the terms of the agreement since you are no longer employed by IDI.


Please execute both the assignment document and the CDA and return to my attention as soon as possible.  As previously mentioned when we discussed the prior assignment, you remain obligated to comply with these procedural steps by the policies of your employment with IDI.


Regards,

Ryan



Ryan M. Dietz

Director, Office of Technology Development

Immune Disease Institute/Program in Cellular and Molecular Medicine at Children's Hospital Boston

CLSB - Third Floor

3 Blackfan Circle

Boston, MA  02115

t:  617.919.3048

c: 617.803.5430

email:  <mailto:dietz@idi.harvard.edu> dietz@idi.harvard.edu


From: luigiwarren@sprint.blackberry.net
[mailto:luigiwarren@sprint.blackberry.net]
Sent: Monday, February 14, 2011 10:39 AM
To: Ryan Dietz
Subject: Re: Assignment Document


I do have some initial questions. I heard that Flagship has already done a deal with you for a license to this IP. Is this correct? Was there an initial payout? Should I expect to see any $$$ from this and, if so, what are the details?

-luigi

Sent on the Sprint(r) Now Network from my BlackBerry(r)


  _____

From: "Ryan Dietz" <dietz@idi.harvard.edu>

Date: Fri, 11 Feb 2011 09:28:59 -0500

To: <lwarren@mit.edu>

Subject: Assignment Document


Luigi,


I wanted to provide an update and send along the attached assignment document seeking your signature and return to IDI.


This assignment pertains to a second provisional application which was filed immediately before publication to capture additional data that supports the claims.  We did not alter inventorship or the scope of the inventive subject matter.


Attached please find the assignment document.  Please sign in the presence of one other person who also must sign and date as a witness.  Please return to me by scanned pdf or US mail to the address below.

Please let me know if you have any questions or concerns.

Regards,

Ryan

Ryan M. Dietz

Director, Office of Technology Development

Immune Disease Institute/Program in Cellular and Molecular Medicine at Children's Hospital Boston

CLSB - Third Floor

3 Blackfan Circle

Boston, MA  02115

t:  617.919.3048

c: 617.803.5430

email:  <mailto:dietz@idi.harvard.edu> dietz@idi.harvard.edu

**luigi.warren@outlook.com**

| | |
|---|---|
| **Sent:** | Wednesday, February 23, 2011 9:55 PM |
| **To:** | Ryan Dietz |
| **Subject:** | Re: Assignment Document |

Ryan,

I'm sorry I was delayed in getting back to you but I've been very busy of late.  I have some questions about the draft of the CDA and the Assignment.  In the CDA, you state in the first paragraph that it will apply to information provided to me by IDI before the execution of the CDA.  I don't understand what that might refer to and don't think I can agree blindly to such a blanket designation.  In the second paragraph, I don't understand what you are proposing, concerning information acquired or developed by me, when you state that I will "inform IDI of that fact at or before the date its evaluation is complete."  I also do not understand the last sentence of the second paragraph.  Can you please explain?

I also have some questions about the Assignment.  First, can you send me a signed copy of the initial assignment that you refer to in your email so that I can see how it compares with this one?  In addition, can you send me copies of the documents containing the "policies of my employment" with IDI that you also refer to in your email?  I will then get back to you with my comments on this draft Assignment.

As the inventor of the Technology, I am uniquely positioned to assist IDI in the development, refinement, etc. of the Technology.  It is also the case that, as a matter of professional pride, I have much invested personally in the success of the Technology.  However, it's also important to me that I be fairly compensated for all that I have done and am prepared to do in the future to ensure the success of the Technology.  It is for that reason that  I asked in my prior email about what financial return I might expect to see.  It's important that I have some sense of what IDI is contemplating as we go forward.  Please advise.  Thank you.

Regards,

Luigi

P.S. Please note that my address has changed. It is now: 157 Sixth St. #605, Cambridge, MA 02142.

**luigi.warren@outlook.com**

| | |
|---|---|
| **From:** | Ryan Dietz |
| **Sent:** | Sunday, March 06, 2011 9:55 PM |
| **To:** | luigiwarren@sprint.blackberry.net |
| **Subject:** | RE: Assignment Document |
| **Attachments:** | 20100830092843319.pdf; 20110210162424129.pdf; CDA - IDI 08-011 - Luigi Warren (v2).doc |



Dear Luigi,

Attached please find a revised CDA, which I believe addresses your concern.  The language in the second paragraph is designed to ensure you're not limited in the use of information you created or properly accessed from another source.

Also attached are the previous executed assignment and the current document that requires your signature.  As you can see they include the same language.

For your information, I am also attaching the pertinent language in the IDI policy below.

<u>Ownership of Inventions</u>. Each Invention shall be the sole and exclusive property of IDI. I agree to execute an assignment to IDI or its nominee of my entire right, title and interest in and to all Inventions (to which IDI has ownership rights pursuant to the "Research and Technology Development Policy") without additional compensation. I further agree, upon request of IDI and at its expense, to execute such documents as may be necessary or desirable in applying for and obtaining patents on the Inventions in the United States and any foreign country. I further agree, whether or not I am employed by IDI, to cooperate to the extent and in the manner reasonably requested by IDI in the prosecution or defense of any claim involving a patent covering any Invention or any litigation or other claim or proceeding involving any Invention, but all expenses thereof shall be paid by IDI. All records which I shall use or prepare or come into contact with in the course of working for IDI, shall remain IDI's sole and exclusive property and shall be subject to the agreement; except that I may retain for my own personal use one copy of all my scientific work papers customarily retained by researchers at non-profit institutions unless prevented by contractual obligations to third parties pertaining to confidential papers or trade secrets, which obligations prevent such retention of any such papers.

I look forward to receiving the executed CDA and Assignment.  It is important that you return these promptly so that we may proceed with protecting the intellectual property. Further, once these are received I will provide you with additional information regarding licensing the technology.  Please provide the executed CDA and Assignment document by March 21st 2011.

Regards,
Ryan


-----Original Message-----
From: luigiwarren@sprint.blackberry.net [mailto:luigiwarren@sprint.blackberry.net]
Sent: Thursday, February 24, 2011 4:55 PM
To: Ryan Dietz
Subject: Re: Assignment Document


Ryan,

I'm sorry I was delayed in getting back to you but I've been very busy
of late.  I have some questions about the draft of the CDA and the
Assignment.  In the CDA, you state in the first paragraph that it will
apply to information provided to me by IDI before the execution of the
CDA.  I don't understand what that might refer to and don't think I can
agree blindly to such a blanket designation.  In the second paragraph, I
don't understand what you are proposing, concerning information acquired
or developed by me, when you state that I will "inform IDI of that fact
at or before the date its evaluation is complete."  I also do not
understand the last sentence of the second paragraph.  Can you please
explain?

I also have some questions about the Assignment.  First, can you send me
a signed copy of the initial assignment that you refer to in your email
so that I can see how it compares with this one?  In addition, can you
send me copies of the documents containing the "policies of my
employment" with IDI that you also refer to in your email?  I will then
get back to you with my comments on this draft Assignment.

As the inventor of the Technology, I am uniquely positioned to assist
IDI in the development, refinement, etc. of the Technology.  It is also
the case that, as a matter of professional pride, I have much invested
personally in the success of the Technology.  However, it's also
important to me that I be fairly compensated for all that I have done
and am prepared to do in the future to ensure the success of the
Technology.  It is for that reason that  I asked in my prior email about
what financial return I might expect to see.  It's important that I have
some sense of what IDI is contemplating as we go forward.  Please
advise.  Thank you.

Regards,

Luigi

P.S. Please note that my address has changed. It is now: 157 Sixth St. #605, Cambridge, MA
02142.


Sent on the Sprint® Now Network from my BlackBerry®

-----Original Message-----
From: "Ryan Dietz" <dietz@idi.harvard.edu>
Date: Thu, 17 Feb 2011 13:56:55
To: <luigiwarren@sprint.blackberry.net>; <lwarren@mit.edu>
Cc: Halvorsen, Erik<Erik.Halvorsen@childrens.harvard.edu>
Subject: RE: Assignment Document

Dear Luigi,



I look forward to providing the details of the agreement.



However, I must first receive the assignment document and attached CDA

executed and returned.  The CDA is necessary to protect the confidentiality
of the terms of the agreement since you are no longer employed by IDI.


Please execute both the assignme

**luigi.warren@outlook.com**

| | |
|---|---|
| **Sent:** | Monday, March 07, 2011 6:39 PM |
| **To:** | Ryan Dietz |
| **Subject:** | Re: Assignment Document |

Hi Ryan,

Thank you for sending the materials I requested. I will review the amended CDA. I have a follow-up question for you. Derrick Rossi once outlined to me IDI policies regarding payments to inventors on licensing royalties. Could you please send me the language specifying  those policies?

Regards,

Luigi

**luigi.warren@outlook.com**

| From: | Ryan Dietz |
| Sent: | Monday, March 07, 2011 10:15 PM |
| To: | luigiwarren@sprint.blackberry.net |
| Subject: | RE: Assignment Document |



Luigi,

licensing revenues distributed under the IDI policy are split into thirds as described below.  Since there are 2 inventors, the Inventor's share would be split between yourself and Derrick.

Distribution Schedule

| Inventor | Inventor's Laboratory | IDI General Fund |
| --- | --- | --- |
| 33 1/3% | 33 1/3% | 33 1/3% |

Regards,
Ryan


**From:** luigiwarren@sprint.blackberry.net [mailto:luigiwarren@sprint.blackberry.net]
**Sent:** Tuesday, March 08, 2011 1:39 PM
**To:** Ryan Dietz
**Subject:** Re: Assignment Document

Hi Ryan,

Thank you for sending the materials I requested. I will review the amended CDA. I have a follow-up question for you. Derrick Rossi once outlined to me IDI policies regarding payments to inventors on licensing royalties. Could you please send me the language specifying those policies?

Regards,

Luigi

Sent on the Sprint® Now Network from my BlackBerry®


**From:** "Ryan Dietz" <dietz@idi.harvard.edu>
**Date:** Mon, 7 Mar 2011 16:54:34 -0500
**To:** <luigiwarren@sprint.blackberry.net>
**Subject:** RE: Assignment Document

Dear Luigi,

Attached please find a revised CDA, which I believe addresses your concern.  The language in
the second paragraph is designed to ensure you're not limited in the use of information you
created or properly accessed from another source.

Also attached are the previous executed assignment and the current document that requires
your signature.  As you can see they include the same language.

For your information, I am also attaching the pertinent language in the IDI policy below.

<u>Ownership of Inventions</u>. Each Invention shall be the sole and exclusive property of IDI. I agree to execute
an assignment to IDI or its nominee of my entire right, title and interest in and to all Inventions (to which
IDI has ownership rights pursuant to the "Research and Technology Development Policy") without
additional compensation. I further agree, upon request of IDI and at its expense, to execute such
documents as may be necessary or desirable in applying for and obtaining patents on the Inventions in
the United States and any for

## luigi.warren@outlook.com

**Sent:**               Monday, March 07, 2011 10:26 PM
**To:**                 Ryan Dietz
**Subject:**            Re: Assignment Document

Thanks, Ryan. Can you direct me to the document where all the policies are spelled out, or send me a copy?

Luigi

**luigi.warren@outlook.com**

| | |
|---|---|
| **From:** | Ryan Dietz |
| **Sent:** | Wednesday, March 09, 2011 8:55 PM |
| **To:** | luigiwarren@sprint.blackberry.net |
| **Cc:** | Halvorsen; Erik; McCarthy; Dianne |
| **Subject:** | RE: Assignment Document |



Luigi,

The IDI policies are not public documents.  Provided below are portions of the document establishing your obligation to assign the application to IDI.

There is no basis for further delays of your duties to provide the assignment.  If you would like to receive the terms of any agreements that have been completed relating to this technology, please also execute and return to me the Confidentiality Agreement.

Please note, IDI has the right to withhold amounts due to inventors if we do not receive cooperation on this matter by the date provided.  I am copying Erik Halvorsen Director of TIDO and Dianne McCarty Chief General Counsel of CHB on this email.

Regards,
Ryan


C. SCOPE
This Policy applies to any invention, discovery, data, writing, and other intellectual property, including trade or service marks, works-for-hire, know-how, computer software and biological materials, whether or not patentable, copyrightable or otherwise entitled to legal protection (collectively "Invention") made, conceived, reduced to practice or generated by a full or part-time professional staff, faculty, employee of, student, trainee, or person or entity otherwise engaged at IDI, such as consultants or agents retained by IDI (collectively **"Covered Person"**). Any Invention that (1) either has potential commercial value or is patentable, copyrightable, or otherwise entitled to legal protection, and (2) is made, conceived, reduced to practice or generated by a Covered Person while engaged in activities: (a) for which the Covered Person received financial support from or through IDI; (b) during which the Covered Person made significant use of facilities, materials, equipment, staff, information, ideas, data, computers or other resources of IDI; or (c) which are related to the employment, research or other activities conducted at IDI by the Covered Person is referred to as **"Technology".** Ordinary use of desktop computers, library facilitities or personal office space shall not be considered "significant" use for purposes of Section (b) above. Steps taken toward commercialization, such as filing a patent application or seeking other protection of intellectual property, will be interpreted as demonstrating potential commercial value.


E. TECHNOLOGY OWNERSHIP
1. Principles:
a. All Technology is owned by IDI. When an entity other than IDI has also sponsored, financed, or otherwise participated in the invention, the Director will negotiate with the other entity to determine the percentage of the Technology owned by IDI. The Director may consult with the Committee and the Inventor.

4. <u>Ownership of Inventions</u>. Each Invention shall be the sole and exclusive property of IDI. I agree to execute an assignment to IDI or its nominee of my entire right, title and interest in and to all Inventions (to which IDI has ownership rights pursuant to the "Research and Technology Development Policy") without additional compensation. I further agree, upon request of IDI and at its expense, to execute such documents as may be necessary or desirable in applying for and obtaining patents on the Inventions in the United States and any foreign country. I further agree, whether or not I am employed by IDI, to cooperate to the extent and in the manner reasonably requested by IDI in the prosecution or defense of any claim involving a patent covering any Invention or any litigation or other claim or proceeding involving any Invention, but all expenses thereof shall be paid by IDI. All records which I shall use or prepare or come into contact with in the course of working for IDI, shall remain IDI's sole and exclusive property and shall be subject to the agreement; except that I may retain for my own personal use one copy of all my scientific work papers customarily retained by researchers at non-profit institutions unless prevented by contractual obligations to third parties pertaining to confidential papers or trade secrets, which obligations prevent such retention of any such papers.

---

**From:** luigiwarren@sprint.blackberry.net [mailto:luigiwarren@sprint.blackberry.net]
**Sent:** Tuesday, March 08, 2011 5:26 PM
**To:** Ryan Dietz
**Subject:** Re: Assignment Document

Thanks, Ryan. Can you direct me to the document where all the policies are spelled out, or send me a copy?

Luigi

Sent on the Sprint® Now Network from my BlackBerry®

---

**From:** "Ryan Dietz" <dietz@idi.harvard.edu>
**Date:** Tue, 8 Mar 2011 17:15:23 -0500
**To:** <luigiwarren@sprint.blackberry.net>
**Subject:** RE: Assignment Document

Luigi,

licensing revenues distributed under the IDI policy are split into thirds as described below.  Since there are 2 inventors, the Inventor's share would be split between yourself and Derrick.

Distribution Schedule

| Inventor | Inventor's Laboratory | IDI General Fund |
|----------|----------------------|------------------|
| 33 1/3%  | 33 1/3%              | 33 1/3%          |

Regards,
Ryan

---

**From:** luigiwarren@sprint.blackberry.net [mailto:luigiwarren@sprint.blackberry.net]
**Sent:** Tuesday, March 08, 2011 1:39 PM

**To:** Ryan Dietz
**Subject:** Re: Assignment Document

Hi Ryan,

Thank you for sending the materials I requested. I will review the amended CDA. I have a follow-up question for you. Derrick Rossi once outlined to me IDI policies regarding payments to inventors on licensing royalties. Could you please send me the language specifying those policies?

Regards,

Luigi

Sent on the Sprint® Now Network from my BlackBerry®

---

**From:** "Ryan Dietz" <dietz@idi.harvard.edu>
**Date:** Mon, 7 Mar 2011 16:54:34 -0500
**To:** <luigiwarren@sprint.blackberry.net>
**Subject:** RE: Assignment Document

Dear Luigi,

Attached please find a revised CDA, which I believe addresses your concern.  The language in the second paragraph is designed to ensure you're not limited in the use of information you created or properly accessed from another source.

Also attached are the previous executed assignment and the current document that requires your signature.  As you can see they include the same language.

For your information, I am also attaching the pertinent language in the IDI policy below.

<u>Ownership of Inventions</u>. Each Invention shall be the sole and exclusive property of IDI. I agree to execute an assignment to IDI or its nominee of my entire right, title and interest in and to all Inventions (to which IDI has ownership rights pursuant to the "Research and Technology Development Policy") without additional compensation. I further agree, upon request of IDI and at its expense, to execute such documents as may be necessary or desirable in applying for and obtaining patents on the Inventions in the United States and any foreign country. I further agree, whether or not I am employed by IDI, to cooperate to the extent and in the manner reasonably requested by IDI in the prosecution or defense of any claim involving a patent covering any Invention or any litigation or other claim or proceeding involving any Invention, but all expenses thereof shall be paid by IDI. All records which I shall use or prepare or come into contact with in the course of working for IDI, shall remain IDI's sole and exclusive property and shall be subject to the agreement; except that I may retain for my own personal use one copy of all my scientific work papers customarily retained by researchers at non-profit institutions unless prevented by contractual obligations to third parties pertaining to confidential papers or trade secrets, which obligations prevent such retention of any such papers.

I look forward to receiving the executed CDA and Assignment.  It is important that you return these promptly so that we may proceed with protecting the intellectual property. Further, once these are received I will provide you with additional information regarding licensing the technology.  Please provide the executed CDA and Assignment document by March 21st 2011.

Regards,
Ryan

-----Original Message-----
From: luigiwarren@sprint.blackberry.net [mailto:luigiwarren@sprint.blackberry.net]
Sent: Thursday, February 24, 2011 4:55 PM
To: Ryan Dietz
Subject: Re: Assignment Document


Ryan,

I'm sorry I was delayed in getting back to you but I've been very busy
of late.  I have some questions about the draft of the CDA and the
Assignment.  In the CDA, you state in the first paragraph that it will
apply to information provided to me by IDI before the execution of the
CDA.  I don't understand what that might refer to and don't think I can
agree blindly to such a blanket designation.  In the second paragraph, I
don't understand what you are proposing, concerning information acquired
or developed by me, when you state that I will "inform IDI of that fact
at or before the date its evaluation is complete."  I also do not
understand the last sentence of the second paragraph.  Can you please
explain?

I also have some questions about the Assignment.  First, can you send me
a signed copy of the initial assignment that you refer to in your email
so that I can see how it compares with this one?  In addition, can you
send me copies of the documents containing the "policies of my
employment" with IDI that you also refer to in your email?  I will then
get back to you with my comments on this draft Assignment.

As the inventor of the Technology, I am uniquely positioned to assist
IDI in the development, refinement, etc. of the Technology.  It is also
the case that, as a matter of professional pride, I have much invested
personally in the success of the Technology.  However, it's also
important to me that I be fairly compensated for all that I have done
and am prepared to do in the future to ensure the success of the
Technology.  It is for that reason that  I asked in my prior email about
what financial return I might expect to see.  It's important that I have
some sense of what IDI is contemplating as we go forward.  Please
advise.  Thank you.

Regards,

Luigi

P.S. Please note that my address has changed. It is now: 157 Sixth St. #605, Cambridge, MA
02142.


Sent on the Sprint® Now Network from my BlackBerry®

-----Original Message-----
From: "Ryan Dietz" <dietz@idi.harvard.edu>
Date: Thu, 17 Feb 2011 13:56:55
To: <luigiwarren@sprint.blackberry.net>; <lwarren@mit.edu>
Cc: Halvorsen, Erik<Erik.Halvorsen@childrens.harvard.edu>
Subject: RE: Assignment Document

Dear Luigi,


I look forward to providing the details of the agreement.


However, I must first receive the assignment document and attached CDA
executed and returned.  The CDA is necessary to protect the confidentiality
of the terms of the agreement since you are no longer employed by IDI.


Please execute both the assignment document and the CDA and return to my
attention as soon as possible.  As previously mentioned when we discussed
the prior assignment, you remain obligated to comply with these procedural
steps by the policies of your employment with IDI.


Regards,

Ryan



Ryan M. Dietz

Director, Office of Technology Development

Immune Disease Institute/Program in Cellular and Molecular Medicine at
Children's Hospital Boston

CLSB - Third Floor

3 Blackfan Circle

Boston, MA  02115

t:  617.919.3048

c: 617.803.5430

email:  <mailto:dietz@idi.harvard.edu> dietz@idi.harvard.edu


From: luigiwarren@sprint.blackberry.net
[mailto:luigiwarren@sprint.blackberry.net]
Sent: Monday, February 14, 2011 10:39 AM
To: Ryan Dietz
Subject: Re: Assignment Document

I do have some initial questions. I heard that Flagship has already done a
deal with you for a license to this IP. Is this correct? Was there an
initial payout? Should I expect to see any $$$ from this and, if so, what
are the details?

-luigi

Sent on the Sprint(r) Now Network from my BlackBerry(r)

_____

From: "Ryan Dietz" <dietz@idi.harvard.edu>

Date: Fri, 11 Feb 2011 09:28:59 -0500

To: <lwarren@mit.edu>

Subject: Assignment Document


Luigi,


I wanted to provide an update and send along the attached assignment
document seeking your signature and return to IDI.


This assignment pertains to a second provisional application which was filed
immediately before publication to capture additional data that supports the
claims.  We did not alter inventorship or the scope of the inventive subject
matter.


Attached please find the assignment document.  Please sign in the presence
of one other person who also must sign and date as a witness.  Please return
to me by scanned pdf or US mail to the address below.


Please let me know if you have any questions or concerns.


Regards,

Ryan

Ryan M. Dietz

Director, Office of Technology Development

Immune Disease Institute/Program in Cellular and Molecular Medicine at
Children's Hospital Boston

CLSB - Third Floor

3 Blackfan Circle

Boston, MA  02115

t:  617.919.3048

c: 617.803.5430

email:  <mailto:dietz@idi.harvard.edu> dietz@idi.harvard.edu

**luigi.warren@outlook.com**

| | |
|---|---|
| **From:** | Ryan Dietz |
| **Sent:** | Thursday, March 17, 2011 4:11 PM |
| **To:** | luigiwarren@sprint.blackberry.net |
| **Cc:** | Halvorsen; Erik; McCarthy; Dianne |
| **Subject:** | RE: Assignment Document |
| **Attachments:** | 20110210162424129.pdf |



Luigi,

Please be reminded that you are asked you to provide the executed Assignment document by March 21st (this coming Monday).

I have attached the document for your convenience.

Regards,
Ryan

---

**From:** Ryan Dietz [mailto:dietz@idi.harvard.edu]
**Sent:** Thursday, March 10, 2011 3:55 PM
**To:** 'luigiwarren@sprint.blackberry.net'
**Cc:** Halvorsen, Erik; McCarthy, Dianne
**Subject:** RE: Assignment Document

Luigi,

The IDI policies are not public documents.  Provided below are portions of the document establishing your obligation to assign the application to IDI.

There is no basis for further delays of your duties to provide the assignment.  If you would like to receive the terms of any agreements that have been completed relating to this technology, please also execute and return to me the Confidentiality Agreement.

Please note, IDI has the right to withhold amounts due to inventors if we do not receive cooperation on this matter by the date provided.  I am copying Erik Halvorsen Director of TIDO and Dianne McCarty Chief General Counsel of CHB on this email.

Regards,
Ryan

C. SCOPE
This Policy applies to any invention, discovery, data, writing, and other intellectual property, including trade or service marks, works-for-hire, know-how, computer software and biological materials, whether or not patentable, copyrightable or otherwise entitled to legal protection (collectively "Invention") made, conceived, reduced to practice or generated by a full or part-time professional staff, faculty, employee of, student, trainee, or person or entity otherwise engaged at IDI, such as consultants or agents retained by IDI (collectively **"Covered Person").** Any Invention that (1) either has potential commercial value or is

patentable, copyrightable, or otherwise entitled to legal protection, and (2) is made, conceived, reduced to practice or generated by a Covered Person while engaged in activities: (a) for which the Covered Person received financial support from or through IDI; (b) during which the Covered Person made signi

**luigi.warren@outlook.com**

| | |
|---|---|
| **Sent:** | Thursday, March 17, 2011 10:43 PM |
| **To:** | Ryan Dietz |
| **Cc:** | Halvorsen; Erik; McCarthy; Dianne |
| **Subject:** | Re: Assignment Document |

Ryan,

I apologize for the delay in my response, but I have a full plate and I had to give this matter considerable thought.

I do not see how unpublished IDI policies can obligate me to enter into the proposed assignment contract now, long after I resigned from my at-will employment at IDI. Further, the crucial element of consideration is missing from the contract. Past consideration, viz. salary payments to me during my time at IDI, cannot constitute consideration for a contract entered into in the present. Policies are not promises, especially when referenced only outside a contract and represented divorced from any context defining their discretionary aspects, caveats and limitations. This is particularly relevant in the current instance, owing to the non-conventional approach being adopted for the disposition of the mRNA reprogramming IP (the Flagship/Moderna deal). What if I "open the box" and find that IDI has exchanged control or even ownership of the IP for cash or equity, in lieu of royalties? What would IDI "policies" say about my compensation then? I do not know, and have no way of knowing. Normally, one does not expect to have to sign a contract before one can be allowed to find out the nature of the consideration being proffered, or even if there is any consideration. At this point, and given the history, I do not feel comfortable acceding to your request.

Regards,

Luigi