UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LUIGI WARREN,

          Plaintiff,

    vs.

THE CHILDREN'S HOSPITAL CORP.,

        Defendant

Civ. A. No. 17-12472-DLC

## DEFENDANT'S MOTION TO IMPOUND

The defendant, The Children's Hospital Corporation ("the Hospital"), moves, pursuant to L.R. 7.2, to impound the memorandum in support of its opposition to the plaintiff's ("Warren's") motion for leave to amend, which is due to be filed on May 18, 2020, and a declaration that will be submitted in support of the opposition, until further order of the Court. In support of this motion, the Hospital states as follows.

1. In its opposition, the Hospital intends to refer to the details of its sales of Moderna stock. From that information, a reader can infer the number of shares, and thus the percentage of the company's stock, that the Hospital received from Moderna as part of the consideration for the license it granted. Because the Hospital negotiates IP licensing agreements with companies that intend to commercialize inventions and patents owned by the Hospital, the particular terms of the equity transaction with Moderna, while irrelevant to this lawsuit, are commercially sensitive, and making that information public would place the Hospital at a commercial disadvantage.

2. The Hospital has the burden to justify impoundment by making a particular factual demonstration of potential harm. *FTC v. Standard Fin. Mgmt. Corp.,* 830 F.2d 404, 412 (1st Cir. 1987). The height of the showing the Hospital must make depends on how essential the

information in question is to the Court's function of adjudicating the parties' claims. *See Ferring Pharms., Inc. v. Braintree Labs., Inc.,* 215 F. Supp. 3d 114, 127 (D. Mass. 2016).

3.      Here, the number of shares is irrelevant to Warren's existing claim. His existing claim is that he is entitled to receive a higher percentage of the net licensing revenues than he received. Even if his existing claim were a claim for damages rather than a claim for declaratory relief, the calculation of the amount of damages does not turn on any information about the number of shares of Moderna stock the Hospital received. Nor is the number of shares relevant to Warren's motion to amend. The Hospital's opposition to that motion focuses on Warren's inexplicable and undue delay; the prejudice to the Hospital; and the futility of the amendment in light of the highly speculative nature of Warren's new theory. Nothing in the Hospital's presentation depends on the number of shares. Thus the Hospital's burden is low.

4.      The competitive harm is real. In discussions leading up to this motion, Warren observed that the Moderna license took place more than nine years ago. But the Hospital's licensing practices remain sensitive even after several years have passed. Publicizing the financial details of licenses would allow prospective licensees to cite earlier agreements as precedents in their negotiations with the Hospital, which creates the risk that the Hospital will be less able to negotiate deals that account for the particular circumstances of a particular licensee. This would harm the Hospital and the broader biotechnology community. (Abrams Decl. ¶¶ 4-7).

5.      Moderna also has a confidentiality interest in the number of shares IDI and the Hospital received, as that information is contained in the parties' confidential license agreement. The license agreement has been produced in discovery in this case, but only subject to a protective order.

6.      The Hospital will redact only the number of shares it sold and the total price of the sales, but it will not redact the price per share.

7.      This motion is similar to the Hospital's prior motion to impound (ECF 49), which the Court granted at the time the Hospital filed its motion for summary judgment, and it should be granted for similar reasons. The Hospital will publicly file redacted versions of its papers. It will file the redacted versions under seal and will serve them on Warren.

8.      The Hospital recognizes that if the Court grants Warren's motion for leave to amend, and if the Hospital must then litigate the new issues Warren has raised about the timing of its sales after the end of the post-IPO lockup period, then the financial details of the Hospital's sales may become relevant. The Hospital submits that if the Court grants the motion for leave to amend, the Hospital should have to show cause why the impounded material should remain under seal if the Hospital wishes the impoundment to continue.

9.      Warren will be able to disclose the unredacted versions of the documents to any person entitled to review them under the Protective Order, for example, advisors or consultants he has consulted in connection with this lawsuit.

For these reasons, the Hospital respectfully requests that the Court grant this motion

.

                                        Respectfully submitted,

THE CHILDREN'S HOSPITAL CORP.

By its attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
FOLKMAN LLC
PO Box 116
Boston, MA 02131
(617) 219-9664
[ted@folkman.law](mailto:ted@folkman.law)

Dated: May 12, 2020

## CERTIFICATE

Pursuant to L.R. 7.1, I certify that I conferred with the plaintiff in a good-faith effort to resolve or narrow the issue.

*/s/ Theodore J. Folkman*

Theodore J. Folkman