
CERTIFIED COPY

```
 1              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
 2

 3                         - - -

 4
    LUIGI WARREN,                :    Civ. A. No.
 5              Plaintiff,        :    17-12472-DLC
                                  :
 6        vs.                     :
                                  :
 7   THE CHILDREN'S HOSPITAL      :
     CORPORATION,                 :
 8              Defendant.        :

 9
                           - - -
10
          CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
11
                 Friday, November 16, 2018
12
                           - - -
13

14        Videotaped deposition of LUIGI WARREN, Ph.D.,

15   held at VEDDER PRICE, P.C., 1925 Century Park East,

16   Suite 1900, Los Angeles, California, commencing at

17   approximately 9:14 a.m., before Rosemary Locklear, a

18   Registered Professional Reporter, Certified Realtime

19   Reporter and California CSR (#13969).

20
                           - - -
21

22

23

24            GOLKOW LITIGATION SERVICES
          877.370.3377 ph | 971.591.5672 Fax
25                 deps@golkow.com
```

LUIGI WARREN, PH.D.

Page 2

```
 1   APPEARANCES:

 2

 3          LUIGI WARREN, Pro Se
            Luigi.Warren@outlook.com
 4          202 South Raymond Avenue, # 205
            Pasadena, California 91105
 5          Appearing Pro Se

 6

 7          MURPHY & KING, P.C.
            BY:  THEODORE J. FOLKMAN, ESQUIRE
 8          tfolkman@murphyking.com
            One Beacon Street
 9          Boston, Massachusetts 02108
            (617) 423-0400
10          Appearing on behalf of the Defendant

11

12   ALSO PRESENT:

13

14          ANIA BILINSKA, Video Operator

15          ASHLEY J. STEVENS
            FOCUS IP GROUP, L.L.C.
16

17
                           - - -
18

19

20

21

22

23

24

25
```

1      (The court reporter read the requested portion
2  of the record.)
3      THE WITNESS:  Yes.  The only thing I would add
4  to that is it's never been -- the question of whether
5  the policies have ever been changed has obviously come
6  up in the context of this suit, and the only thing
7  that's ever been asserted regarding that has been this
8  claim that the policies were changed through the
9  language in the Affiliation Agreement.
10     So I guess, by implication, that suggests that a
11 2004 document was -- was -- was it.  Plus, that was the
12 document they sent me.  So, in that sense, I do have
13 reason to believe that it wasn't changed.
14     MR. FOLKMAN:  Okay.  So I move to strike the
15 answer, but I'll go on.
16 BY MR. FOLKMAN:
17 Q.     **Who were the trustees at the time that you were**
18 **at IDI?**
19 A.     I have no idea.
20 Q.     **Do we agree that neither IDI nor Children's**
21 **Hospital ever made distributions to you or to Derrick**
22 **Rossi under the IDI policy, Exhibit 4?**
23 A.     Yes.
24 Q.     **I'd like to talk about the damages and remedies**
25 **that you're claiming in this lawsuit.**

Page 106

```
 1   A.      Uh-huh.
 2   Q.      One element of what you're claiming, as I
 3   understand it, is that the percentage of the licensing
 4   revenue, the net licensing revenue, that you were
 5   entitled to under the IDI policy is higher than the
 6   percentage that you were entitled to under the policies
 7   that the hospital has actually applied and you're
 8   entitled to the difference between those two
 9   percentages.
10           Are you with me?
11   A.      That's a somewhat strange way of putting it,
12   since it's not a damages case, but I'm asking the judge
13   to rule that the IDI percentage is controlling.
14   Q.      That's a very fair point.
15           I mean, you're not claiming damages, you're
16   claiming -- you're seeking a declaratory judgment.  But
17   that's the essence of your point about the percentages;
18   right?
19   A.      Yes.
20   Q.      Okay.  And thank you for correcting me about the
21   technicality there.  You're absolutely right.
22           The other main claim that you're making is
23   that -- as I understand it, is that the hospital and IDI
24   should have distributed -- well, that you should have
25   received stock at or shortly after the time that IDI
```

LUIGI WARREN, PH.D.

Page 162

```
1    STATE OF CALIFORNIA           )
2    COUNTY OF LOS ANGELES         )
3              I, ROSEMARY LOCKLEAR, a Certified Shorthand
4    Reporter of the State of California, duly authorized to
5    administer oaths pursuant to Section 2025 of the
6    California Code of Civil Procedure, do hereby certify
7    that
8              LUIGI WARREN, Ph.D., the witness in the
9    foregoing deposition, was by me duly sworn to testify
10   the truth, the whole truth and nothing but the truth in
11   the within-entitled cause; that said testimony of said
12   witness was reported by me, a disinterested person, and
13   was thereafter transcribed under my direction into
14   typewriting and is a true and correct transcription of
15   said proceedings.
16             I further certify that I am not of counsel or
17   attorney for either or any of the parties in the
18   foregoing deposition and caption named, nor in any
19   way interested in the outcome of the cause named in
20   said deposition dated the_____ day of
21   _____, 2018.
22   [signature: Rosemary Locklear]
23
24
25   ROSEMARY LOCKLEAR, RPR, CRR, CSR 13969
```