UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LUIGI WARREN,

Plaintiff,

vs.

THE CHILDREN'S HOSPITAL CORPORATION,

Defendant

Civ. A. No. 17-12472-DLC

**DEFENDANT'S STATUS REPORT**

At the status conference of November 10, 2026, the Court instructed the Hospital to submit a status report explaining how, in the Hospital's view, the case should now proceed. This memorandum outlines the pertinent background and the Hospital's recommendations for next steps.

*Proceedings in the District Court*

Dr. Warren's motion for leave to amend his complaint (Doc. No. 72), which he filed after the Court had initially denied the Hospital's motion for summary judgment, sought leave to assert claims for damages for breach of contract and conversion. The proposed new claims focused on the alleged failure to deliver the stock certificates to Dr. Warren and on the timing of the Hospital's post-IPO sale of the Moderna stock it had received in connection with the license of Drs. Rossi and Warren's invention. The Hospital opposed the motion (Doc. No. 87). In summary, it argued that the new claims were improper because they arose out of facts that occurred after commencement of the action. It argued that the amendment would be futile because the new claims were speculative and because a claim for conversion would not lie since

the Hospital was rightfully in possession of the Moderna stock certificates. And it argued that the amendment would be prejudicial because the Hospital had taken no discovery on damages, had hired no damages expert, and had based its litigation strategy on Dr. Warren's assertions that he was not seeking damages.

The Court denied the motion to amend on the grounds of futility at the same time that it granted the Hospital's motion for summary judgment. (Doc. No. 91). Because the Court's decision rested on its decision that the IDI policy did not govern, the Court did not need to and in fact did not engage with any of the Hospital's arguments against amendment.

*Proceedings in the First Circuit*

On appeal, the Hospital argued that if the court reversed or vacated the summary judgment decision, it should remand so that this Court could consider the motion for leave to amend in the first instance. A true copy of the relevant excerpt of the Hospital's brief is attached as Exhibit 1. In his reply brief, Dr. Warren argued (for the first time—he had not sought leave to file a reply to the Hospital's opposition to the motion for leave to amend) that the conversion claim was not futile because, by filing suit in 2017, Dr. Warren had made a standing demand for a transfer of the shares. He argued that his claim for damages was not impermissibly speculative. He argued that there is no need for expert witnesses or reopening discovery. And he argued that the proposed amended complaint addresses "new circumstances" that flow directly from the gravamen of the original complaint and is thus permissible. A true copy of the relevant excerpt of Dr. Warren's reply brief is attached as Exhibit 2.

The First Circuit's per curiam opinion does not address the merits of the motion for leave to amend. It vacated this Court's denial of the motion and remanded for further proceedings.

*The Hospital's proposal*

The Hospital's proposes that the Court should set a schedule for the submission of memoranda on the issues raised by the motion to amend, followed by an oral hearing on the motion, which, given that Dr. Warren lives in California, could be held remotely or in a hybrid format. The Hospital suggests that the parties submit memoranda because Dr. Warren raised arguments relevant to the amendment issue for the first time in his reply brief on appeal, and the Hospital should have a chance to address those arguments in writing.

In the Hospital's view, it is not possible to set a schedule for the remainder of the case until the Court decides whether or not to allow the amendment. If the Court allows the amendment, the Hospital will seek to reopen fact discovery to take discovery on damages and will seek to build in time for the parties to obtain the opinions of expert witnesses on damages. The Hospital might also move to dismiss the new claims. If and when it answers the new claims, it might raise affirmative defenses. The Hospital would also request a schedule for the submission of motions for summary judgment on the new claims.

If, on the other hand, the Court denies the amendment, then no further pretrial proceedings will be necessary and the Court can set a trial date and set a schedule for the associated work (the pretrial memorandum, motions in limine, etc.).

Respectfully submitted,

THE CHILDREN'S HOSPITAL CORPORATION

By its attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
Taylor M. Makson (BBO No. 697476)
RUBIN AND RUDMAN, LLP
53 State St.
Boston, MA 02109
(617) 330-7000
tfolkman@rubinrudman.com
tmakson@rubinrudman.com

Dated: November 20, 2026